PETER WOODY, plaintiff in error, *vs.* THE STATE OF GEORGIA, defendant in error.

1. An indictment for a violation of the 2d section of the Act of 1838, entitled, "*An Act to further regulate the granting of retail license, and sale of spirituous liquors* " is good, although it does not charge that the defendant keeps a shop, or is a regular and habitual vender of spirituous liquors.

Indictment for a misdemeanor, in the Superior Court of White county, and decision thereon by Judge NATHAN L. HUTCHINS, at March Term, 1861.

This was an indictment against Peter Woody for a misdemeanor, charging " that the said Peter Woody, in the county aforesaid, on the twenty-fourth day of December, in the year eighteen hundred and sixty, with force and arms, did then and there sell and vend less than one gallon of distilled spirituous liquors, without first taking and subscribing the oath prescribed by law, to be taken by all applicants for license to retail distilled spirituous and intoxicating liquors, in quantities less than one quart, contrary to the laws of said State, the good order, peace and dignity thereof. March Term, 1861."

When the case came on for trial the defendant's counsel demurred to the indictment as being insufficient and defective because it did not allege that the defendant was the keeper of a shop, or that he was a regular habitual vendor of liquors, insisting that a single act of vending did not constitute the offence attempted to be charged.

The Court overruled the demurrer, and a verdict of guilty

was rendered against the defendant.    Error is assigned on the decision overruling the demurrer.

Geo. Hillyer, by J. Hillyer, for plaintiff in error.

Thurmond, Solicitor General, *contra*.

*By the Court.*—Jenkins, J., delivering the opinion.

The plaintiff in error rested his case, in the Court below, upon an exception to the indictment, for want of conformity to the statute under which it was framed, and this being overruled, voluntarily submitted to a verdict.    He now assigns as error, the judgment of the Court, overruling his exception.    The indictment was framed under a statute passed 29th December, 1838, entitled "An Act further to regulate the granting of retail licence and the sale of spirituous liquors," and the terms in which the offence is charged, are set forth in the statement.    The case may be brought within either the second or third section of the act.    Cobb's Digest, 1039.    The language of the second section is, "each and every vendor of any measure, less than one gallon, of distilled spirituous or intoxicating liquor, shall, and is hereby required, to subscribe the above and foregoing oath.    (See first section.)    The charge is, that the plaintiff in error did sell and vend, etc., without having taken and subscribed the oath required.

His counsel insists that he should have been charged with being the owner or keeper of a shop for the vending or selling of spirituous liquors, or with being a regular vender of them.    Such is not the language of the statute, nor, in our opinion, its intent and meaning.

Its language is, "each and every vender," etc.    The language of the indictment is, that the accused "did sell and vend," etc.    The 1st section of the 14th division of the Penal Code (Cobb's Digest, 833,) provides "that every instrument or accusation of the grand jury shall be deemed sufficiently technical and correct, which states the offence in the terms and language of this Code, or so plainly, that the nature of

offence may be easily understood by the judge." Although this Act of 1838 is not comprised within what is called *the Code*, and although it is not by its title declared to be amendatory of that Code, it does create a penal offence, and to the Code we must look for rules regulating the indictment and all the incidents of trial.

Under a Code allowing the latitude in framing indictments given in the section above quoted, we can not hold, that the indictment now before us is fatally defective for lack of conformity to the controlling statute. We do not say, that a single act of selling, without having taking the oath prescribed by the Act of 1838, would subject the vender to the penalties of that act; but if we are to lay down a rule on that subject, we may well ask, how many such acts will constitute a person a vender, within the intent and meaning of the statute? We go no farther than to affirm the sufficiency of the indictment. If the accused were conscious of his innocense, he should have brought out before the jury all the facts of his case, and claimed an acquittal upon the general principles of law, and in virtue of the tenth section of the first division of the Code. Cobb's Digest, 779. Having chosen to rest his defence upon a technical exception—not well founded—we can extend no aid to him.

Let the judgment be affirmed.